UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAMSAY XAYAMONTY,
    PLAINTIFF,

V.

    CASE NO. 20-cv-1243 PAM/BRT

WARDEN J. FIKES
FCI-SANDSTONE

RECEIVED BY MAIL MAY 22 2020 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED MAY 22 2020 U.S. DISTRICT COURT MPLS

Pro Se Petition for a § 2241 Motion for a Reduction in Prison Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

    Comes now, Khamsay Xayamonty, Plaintiff, Pro Se with a petition for a reduction in prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Enclosed as Exhibit 1 is the denied CARES Act request. Enclosed as Exhibit 2 is the Plaintiff's compassionate release request that is expected to be denied.

    The COVID-19 pandemic is an extraordinary and very compelling reason many federal inmates, all across the United States who are minimum risk, (non-violent inmates) are being released to home detention to serve out their remaining federal prison sentence.

    Plaintiff is NOT a lawyer! Please construe this hand written motion liberally and allow it to be corrected or amended if needed.

RELEVANT FACTS:

Although there are zero reported COVID-19 cases at the FCI-Sandstone facility in Minnesota, this may be because inmates have not been systematically tested. Other federal correctional institutions have failed to protect inmates once the COVID-19 virus entered their facility. The facts speak for themselves.

The U.S. Bureau of Prisons, in an open dorm prison setting, cannot follow the CDC recommendations for social distancing to remain at least six feet apart. Inmates remove their cloth masks to eat (too close to each other) plus remove their masks when asleep. Inmates all breath the same air, all share the same toilets (flush) use the same sinks (turn on & off water), and use the same showers. The CDC recommended safe practices to curtail the spread of COVID-19 cannot be accomplished.

A review of my release plan will confirm I am a minimum risk non-violent inmate that has been granted "OUT" custody. Even the B.O.P. believes I am not a risk to another person or a risk to the community. Other inmates from FCI-Sandstone have already been granted home detention for their remaining federal prison sentence based on COVID-19.

Please visit www.BOP.gov to view an updated list of inmates infected with COVID-19.

(2)

COVID-19 continues to spread rapidly in the various prisons listed. Example: On May 3, 2020, the BOP reported 1,926 cases from 51 different federal prisons. This was up from just 799 reported cases. On May 10, 2020, the number of infected cases reported was at 3,385, ten more inmates died in that week. The inmate death toll was up to 48 and counting.

FCI-Lompac (CA.) has reported that 70% of their inmates have tested positive for COVID-19. FCI-Terminal Island (CA.) reports 693 inmates are infected with COVID-19. If all federal inmates were tested (testing limited) these numbers would be higher.

Because FCI-Sandstone is on lock-down, access to the prison's law library is very limited. Because new and current COVID-19 concerns on § 3582(c)(1) motions cannot be researched, plaintiff humbly asks for a public defender to research the newest cases and share them with the court. There are many new cases.

Other inmates here at FCI-Sandstone are being told to file § 2241 motions in the district court closest to the location of the prison. You most likely already have detailed motions with supporting case law on your docket. If not, see United States v. Taylor, 2020 WL 2084974 (M.D. PA April 30, 2020); Cordaro v. Finley, 2020 WL 2084960 (April 30, 2020); and Camacho Lopez v. Lowe, 2020 WL 1689874, *8 (M.D. PA. April 7, 2020).

(3)

EXTRAORDINARY AND COMPELLING REASONS:

PLAINTIFF FEELS 18 U.S.C. § 3582(c)(1)(A)(i) DEEMS HIM QUALIFIED TO ASK THE COURT FOR RELIEF. PLAINTIFF DOES NOT POSE ANY DANGER TO A PERSON OR THE COMMUNITY AS DEFINED IN THE BAIL REFORM ACT, SEE U.S.S.G. § 1B1.13.

PLAINTIFF HUMBLY ASKS THE COURT TO CONSIDER THE "OTHER" CATEGORY. MANY, MANY FEDERAL INMATES HAVE ALREADY BEEN RELEASED CITING THE CARES ACT (__C__ORONAVIRUS __A__ID __R__ELIEF & __E__CONOMIC __S__ECURITY __ACT__) SEE PUB. L. 116-136 § 12003. SOME DISTRICT COURTS ARE WAIVING THE EXHAUSTION OF THE BOPS ADMINISTRATIVE REMEDY PROCESS. WHY?

MOST LIKELY THOUSANDS OF FEDERAL INMATES HAVE ALREADY SUBMITTED A REQUEST FOR COMPASSIONATE RELEASE. MOST ARE BEING TOLD TO SUBMIT A BP-9, THEN BP-10, THEN BP-11, A NORMAL 4-6 MONTH PROCESS. BECAUSE OF THE VOLUME OF DENIED REQUESTS, TO EXHAUST THE ADMINISTRATIVE REMEDY PROCESS, IT COULD TAKE 7-9 MONTHS, TOO LATE IF THE COVID-19 VIRUS ENTERS FCI-SANDSTONE. PLEASE RULE ON THE MERIT OF THIS PETITION AS IF THE BOP DENIES ALL APPEALS, BP-9, BP-10, AND BP-11.

RELEVANT CASES INCLUDE:

1. UNITED STATES V. KENNEDY NO. 18-20315, 2020 WL 1493481, (E.D. MICH. APRIL 27, 2020) THAT STATED THE COVID-19 PANDEMIC CONSTITUTES A COMPELLING REASON.

2. UNITED STATES V. JAFFEE, NO. 19-cr-88 (D.D.C. MAR 26, 2020) (RELEASING DEFENDANT WITH CRIMINAL HISTORY IN A GUN AND DRUG CASE CITING RISK OF SPREAD OF VIRUS AND OVERBURDENING HEALTH CARE RESOURCES [WHAT IF 70% OF INMATES AT FCI-SANDSTONE BECOME INFECTED - NOT ENOUGH STAFF] QUOTE: "... THE COURT IS CONVINCED THAT INCARCERATING THE DEFENDANT WHILE THE CURRENT COVID-19 CRISIS CONTINUES TO EXPAND POSES A GREATER RISK TO COMMUNITY SAFETY THAN POSED BY DEFENDANT'S RELEASE TO HOME CONFINEMENT"). PLAINTIFF IS A MINIMUM RISK INMATE.

3. UNITED STATES V. UNDERWOOD, CASE NO. 8:18-cr-201-TDC, DKT NO. 179 (MARCH 31, 2020) WHERE THE COURT ENCOURAGED RELIEF EVEN THOUGH NO POSITIVE CASES OF COVID-19 WAS REPORTED IN HIS FACILITY, "THERE IS SIGNIFICANT POTENTIAL FOR IT TO ENTER THE PRISON IN THE NEAR FUTURE"). NEW CASES IN PINE COUNTY MN. OFTEN.

4. UNITED STATES V. RODRIGUEZ, NO. 2:03-cr-271-AB DKT. NO. 135, (E.D.PA, APRIL, 2020) WHERE THE COURT STATED COVID-19 CONSTITUTED EXTRAORDINARY AND COMPELLING REASON STATING THAT PRISONS ARE "TINDERBOXES FOR INFECTIOUS DISEASE").

BLACK'S LAW DICTIONARY DEFINES "EXTRAORDINARY" AS BEYOND WHAT IS USUAL, CUSTOMARY, REGULAR, OR COMMON. IT DEFINES "COMPELLING NEED" AS ONE "SO GREAT THAT IRREPARABLE HARM OR INJUSTICE WOULD RESULT IF [THE RELIEF] IS NOT [GRANTED]"). ID. COVID-19 FITS BOTH DEFINITIONS.

BECAUSE ALL PRISON TRANSFERS AND NEW ARRIVALS ARE BANNED, ONLY LOCAL PRISON STAFF CAN BRING THE DEADLY COVID-19 VIRUS INTO FCI-SANDSTONE. SO WHAT?

The State of Minnesota is soon to relax the "stay at home" ban and reopen the state. Plaintiff fears this will increase the chances of more COVID-19 cases being reported in Pine County Minnesota (FCI-Sandstone is located in Pine County) and staff will relax their social distancing (or their families will) thus increasing the risk of staff bringing the deadly virus inside prison walls.

As proven at the other BOP facilities, once inside a dorm style prison, nothing will stop the virus from spreading. Not all inmates are available for release. Plaintiff's crime was non-violent, ~~criminal history~~ he is at a minimum risk (currently has "out" custody at FCI-Sandstone) has served more than 50% of his sentence (out date 2-12-24) and has no disciplinary actions. He has a home, with family, to live during his home detention. No need to stay at FCI-Sandstone facing an increased risk of contracting COVID-19.

## CONCLUSION

Please grant this request to allow home detention without first exhausting the BOP's administrative remedy. See Exhibits C Cares Act Request, Compassionate Release Request) and grant request for a public defender to share current case law to support the ~~~~ thank you.